**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593

March 1, 2022

LETTER TO COUNSEL:

      RE:    *Angela C. v. Kilolo Kijakazi, Acting Commissioner of Social Security*
              Civil No. TJS-21-0349

Dear Counsel:

      On February 11, 2021, Plaintiff Angela C. petitioned this Court to review the Social Security Administration's final decision to deny her claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). ECF No. 1. The parties have filed cross-motions for summary judgment. ECF Nos. 14 & 15. These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[1] Having considered the submissions of the parties, I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will deny both motions and remand the case for further proceedings. This letter explains my rationale.

      Angela C. filed her applications for DIB and SSI on October 3, 2018, and December 5, 2019, respectively. Tr. 17. In both applications, she alleged a disability onset date of October 1, 2015. *Id.* Her applications were denied initially and upon reconsideration. *Id.* At her request, a hearing was held before an Administrative Law Judge ("ALJ") on July 22, 2020. Tr. 36-64. In a written decision dated September 25, 2020, the ALJ found that Angela C. was not disabled under the Social Security Act. Tr. 17-30. The Appeals Council denied Angela C.'s request for review, making the ALJ's decision the final, reviewable decision of the agency. Tr. 1-6.

      The ALJ evaluated Angela C.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ found that Angela C. had not engaged in substantial gainful activity since October 1, 2015, the alleged onset date. Tr. 19. At step two, the ALJ found that Angela C. suffered from the following severe impairments: degenerative disc disease, hypertension, and arthritis in the right foot with distant history of surgical repair of right foot fractures. *Id.* At step three, the ALJ found Angela C.'s impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth

---

[1] This case was originally assigned to Judge Boardman. On June 30, 2021, it was reassigned to Judge Coulson. On December 31, 2021, it was reassigned to me.

in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). Tr. 20. The ALJ determined that Angela C. retains the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: occasionally climb ramps and stairs, never climb ladders, ropes, scaffolds, occasionally balance, stoop, kneel, crouch, never crawl, never unprotected heights or moving mechanical parts, occasional exposure to extreme wetness, occasional exposure to chemicals and irritants such as fumes, odors, dusts, gases, and poorly ventilated areas, sit/stand option every hour for five minutes at the workstation, occasional use of lower extremity right side foot control, frequent bilateral upper extremities for handling and fingering.

Tr. 22.

At step four, the ALJ determined that Angela C. is unable to perform any past relevant work. Tr. 28. At step five, relying on testimony provided by a vocational expert ("VE"), and considering the claimant's age, education, work experience, and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Angela C. can perform, including cashier, sales attendant, and housekeeper. Tr. 29. Accordingly, the ALJ found that Angela C. was not disabled under the Social Security Act. Tr. 29-30.

Angela C. argues that the ALJ made two errors that warrant remand: (1) the ALJ failed to properly evaluate whether her impairments met or equaled Listing 1.04A; and (2) the ALJ failed to properly evaluate evidence regarding her mental impairments.

Angela C. argues that the ALJ's step three analysis was inadequate. ECF No. 14-2 at 9-22. At the third step of the sequential evaluation process, an ALJ determines whether a claimant's impairments are severe enough to meet or equal a particular listing. *See* 20 C.F.R. §§ 404.1525(a), 416.925(a). The claimant has the burden of proving that her impairments meet or medically equal a listed impairment. *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981). An ALJ is not required to discuss every possible listing that might apply to a claimant, but if the "medical record includes a fair amount of evidence" that a claimant's impairment meets a listing, the ALJ must discuss the relevant listing and provide a coherent explanation regarding whether the claimant's impairments meet or equal it. *Radford v. Colvin*, 734 F.3d 288, 294 (4th Cir. 2013).

A the time that the ALJ considered Angela C.'s disability applications, to meet Listing 1.04A, a claimant was required to have a disorder of the spine, resulting in compromise of a nerve root or the spinal cord, as well as

> evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

20 C.F.R. Part 404, Subpart P, App. 1, § 1.04A.

2

In *Radford*, the court held that Listing 1.04A could be met even if all of the requisite symptoms were not present simultaneously or in close proximity:

> Listing 1.04A requires a claimant to show only what it requires him to show: that each of the symptoms are present, and that the claimant has suffered or can be expected to suffer from nerve root compression continuously for at least 12 months. 20 C.F.R. § 404.1509. A claimant need not show that each symptom was present at precisely the same time—i.e., simultaneously—in order to establish the chronic nature of his condition. Nor need a claimant show that the symptoms were present in the claimant in particularly close proximity.

734 F.3d at 294.

In Response to *Radford*, the Social Security Administration issued Acquiescence Ruling ("AR") 15-1(4), which lays out a two-step test for applying Listing 1.04A to claims filed within the Fourth Circuit:

> Adjudicators will decide whether the evidence shows that all of the medical criteria in paragraph A are present within a continuous 12-month period (or, if there is less than 12 months of evidence in the record, that all the medical criteria are present and are expected to continue to be present). If all of the medical criteria are not present within a continuous 12-month period, adjudicators will determine that the disorder of the spine did not meet the listing.
>
> If all of the medical criteria in paragraph A are present within a continuous 12-month period (or are expected to be present), adjudicators will then determine whether the evidence shows—as a whole—that the claimant's disorder of the spine caused, or is expected to cause, nerve root compression continuously for at least 12 months. In considering the severity of the nerve root compression, the medical criteria in paragraph A need not all be present simultaneously, nor in particularly close proximity. The nerve root compression must be severe enough, however, that the adjudicator can fairly conclude that it is still characterized by all of the medical criteria in paragraph A.

AR 15-1(4), 80 Fed. Reg. at 57420, 2015 WL 5564523.

Although AR 15-1(4) has subsequently been rescinded in response to the revision of the listed impairments, it was effective at the time of the ALJ's decision. *See* 85 Fed. Reg. 79063-01, 2020 WL 7209986 (Dec. 8, 2020) (rescinding AR 15-1(4) because the regulation that was the subject of the AR had been revised). Accordingly, the Court will apply both Listing 1.04A and AR 15-1(4), as they were in effect at the time that the ALJ issued her decision.

The ALJ discussed Listing 1.04A in the decision:

> The claimant's spine impairment does not meet or equal listing 1.04A because it is not associated with evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss, and, in connection with the lumbar spine impairment, also a positive straight leg raising test (sitting and supine). These impairments also fail to meet or equal listing 1.04B, as they do not result in spinal arachnoiditis manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every two hours. Finally, the claimant does not have lumbar spinal stenosis resulting in pseudoclaudication manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively. Thus, listing 1.04C is also not met or equaled. MRI of the cervical spine in September 2015 showed mild cervical degenerative disc disease, worse at C6 to C7 with a small central/left paracentral disc herniation, without significant stenosis or cord compression (B2F). Primary care examinations have shown subjective complaints of back pain, with requests for pain medication, but on examinations the claimant has full range of motion, normal gait, and normal station, with sensation grossly intact (B5F/7-8, 11). Examinations throughout the record have generally shown minimal abnormalities, in contrast to the claimant's subjective complaints of pain and limitations (B4F/5; B9F; B12F; B13F/3-4). Her providers have recommended conservative management of her pain, with physical therapy and medication (B14F).

Tr. 20-21.

It is unclear how the ALJ determined that Angela C.'s spine impairment did not meet or equal Listing 1.04A. The ALJ simply recited what Listing 1.04A requires and summarized some evidence in the record. Critically, the ALJ never related the evidence back to Listing 1.04A's requirements to explain her finding that Angela C. does not meet them. In her brief, Angela C. points to evidence in the record that is relevant to whether she meets Listing 1.04A. ECF No. 14-2 at 19-22 (citing Tr. 297, 318, 322, 363, 367, 431, 436, 447, 465-66, 471, 488). The ALJ did not meaningfully address this evidence as it relates to Listing 1.04A. Under the circumstances presented here, the ALJ's analysis is deficient and precludes the Court from conducting meaningful review of the decision. *See Figgs v. Saul*, No. JMC-20-334, 2021 WL 3930708, at *5 (D. Md. Sept. 2, 2021) ("The ALJ's assertion of the *absence* of evidence in lieu of explanation of the basis for his determination precludes the Court from conducting meaningful review of the decision.").

The Acting Commissioner assures the Court that Angela C. does not meet Listing 1.04A and explains why the evidence cited in Angela C.'s brief falls short. ECF No. 15-1 at 4-6. But it is not this Court's role to "review the record and cure the ALJ's deficiencies." *Fox v. Colvin*, 632 F. App'x 750, 755 (4th Cir. 2015) ("Our circuit precedent makes clear that it is not our role to speculate as to how the ALJ applied the law to its findings or to hypothesize the ALJ's justifications that would perhaps find support in the record."). "If the applicable factors were not

4

present, even intermittently, for the required 12-month period, [the ALJ] needed to explain that conclusion." *Ellis v. Kijakazi*, No. 20-347, 2022 WL 258470, at 6 (E.D.N.C. Jan. 3, 2022); *see also Figgs*, 2021 WL 3930708, at *5 (explaining that "it is not the province of this Court to cobble together a meaningful explanation for a determination that a Listing has not been satisfied"). The Court finds that the ALJ's step three finding is insufficient and does not allow the Court to review the decision to determine whether it is supported by substantial evidence. Accordingly, remand is warranted.

The Court declines to address Angela C.'s other argument and expresses no opinion on the ultimate issue of Angela C.'s disability.

For these reasons, both parties' motions for summary judgment (ECF Nos. 14 & 15) are **DENIED**. Pursuant to sentence four of 42 U.S.C. § 405(g). the Acting Commissioner's judgment is **REVERSED IN PART** due to inadequate analysis. The case is **REMANDED** for further proceedings in accordance with this opinion. The Clerk is directed to **CLOSE** this case.

Sincerely yours,

/s/

Timothy J. Sullivan
United States Magistrate Judge

5